E-FILED
    Wednesday, 27 May, 2015  09:38:14 AM
    Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SÜD FAMILY LIMITED PARTNERSHIP, *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>REGIONS BANK and DCR MORTGAGE VI SUB IV, LLC,<br>    Defendants. | Case No. 1:15-cv-01210-MMM-JEH |

**Order**

The Plaintiffs' Complaint asserts diversity of citizenship as the basis of the Court's subject matter jurisdiction. The allegations of the Complaint do not sufficiently support that assertion.

The Complaint alleges the following information about the parties. Plaintiff Süd Family Limited Partnership is a Wisconsin Limited Partnership authorized to transact business in Illinois with its principal place of business in Illinois; Plaintiff Süd's of Peoria, Inc. is an Illinois corporation; Plaintiff Süd's Motor Car Company is a North Carolina corporation authorized to transact business in Illinois; and Plaintiff Gian C. Süd is an individual citizen and resident of the State of Wisconsin. Defendant Regions Bank is an Alabama banking corporation and subsidiary of Regions Financial Corporation with its principal place of business in the state of Alabama; and Defendant DCR Mortgage VI Süb IV, LLC is a Delaware limited liability company with its principal place of business in the state of Florida.

While the Complaint alleges that Süd Family Limited Partnership (SFLP) is a Wisconsin Limited Partnership authorized to transact business in Illinois with

its principal place of business in Illinois, the Complaint does not identify SFLP's partners nor the citizenship of those partners. Limited partnerships are citizens of every jurisdiction of which any partner is a citizen. *Indiana Gas Company, Inc v Home Insurance Company*, 141 F3d 314, 316 (7th Cir 1998), citing *Carden v Arkoma Associates*, 494 US 185 (1990). Therefore, the Complaint must identify SFLP's partners and the citizenship of each of those partners in order for the Court to determine whether diversity jurisdiction actually exists.

Next, a complaint must allege the state of incorporation *and* principal place of business for each of the named corporations, and those allegations must be based on the state of things at the time the action was brought. 28 USC § 1332(c)(1); *Grupo Dataflux v Atlas Global Group, LP*, 541 US 567, 570-71 (2004). Here, the Plaintiffs' Complaint does not allege Süd's of Peoria, Inc.'s principal place of business, nor does it allege Süd's Motor Car Company's principal place of business.

Finally, citizenship for diversity purposes of a limited liability company is the citizenship of each of its members. *Wise v Wachovia Securities, LLC*, 450 F3d 265, 267 (7th Cir 2006). Thus, the Court must know the identity of each member of Defendant DCR Mortgage VI Sub IV, LLC, as well as each member's citizenship. *Hicklin Engineering, LC v Bartell*, 439 F3d 346, 348 (7th Cir 2006). If applicable, the Court must also know each member's members' citizenship. *Id.*

Accordingly, the Plaintiffs are directed to file an amended complaint that adequately alleges the factual basis for this Court's jurisdiction. The amended complaint shall be filed within 14 days of this date.

Entered on May 27, 2015.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE