IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SÜD FAMILY LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>REGIONS BANK and<br>DCR MORTGAGE VI SUB IV, LLC,<br><br>Defendants. | Case No. 15-cv-1210<br><br>Judge Michael M. Mihm<br>Magistrate Judge Jonathan E. Hawley |
| DCR MORTGAGE VI SUB IV, LLC,<br><br>Counter-Plaintiff,<br><br>v.<br><br>SÜD FAMILY LIMITED PARTNERSHIP,<br>SÜD'S OF PEORIA, INC.,<br>SÜD'S MOTOR CAR COMPANY, INC.,<br>GIAN C. SÜD individually and doing<br>business as Süd Family Limited Partnership,<br>NANCY A. SÜD individually and doing<br>business as Süd Family Limited Partnership,<br>PEARL IMPORTS OF PEORIA, LLC,<br>UNKNOWN OWNERS, NON-RECORD<br>CLAIMANTS, OTTO BAUM COMPANY,<br>INC., METHODIST SERVICES, INC., THE<br>METHODIST MEDICAL CENTER OF<br>ILLINOIS, METHODIST HEALTH<br>SERVICES CORPORATION, PEORIA MOB<br>OWNERS LLC, REGIONS BANK,<br>and LEND LEASE (US) HEALTHCARE<br>DEVELOPMENT LLC formerly known as<br>Lend Lease DASCO LLC formerly known as<br>The DASCO Companies, LLC,<br><br>Counter-Defendants. | |

**STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order under Federal Rule of Civil Procedure Rule 26(c) have agreed to the terms of this Order; accordingly, it is **ORDERED**:

**1.** **Scope**. All documents and electronically-stored information produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Form and Timing of Designation**. A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. To the extent any documents are produced in a format that does not permit the producing party to place or affix the appropriate endorsement directly on the documents, the producing party will communicate the appropriate designation to the receiving party in writing and/or in the electronic title of the document. Documents shall be designated CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents.

The designation "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY — SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**. Any party may designate information or documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents either: (a) contain information protected from disclosure by statute; (b) should be protected from disclosure as confidential personal information; or (c) contain commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

4. **Documents Which May be Designated ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER**. Any party may designate information or documents as ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information that should be protected from disclosure as trade secrets or highly sensitive competitive or commercial information. Such information includes, but is not limited to: confidential know-how; confidential pricing, purchasing or sales information; business plans and strategies; and any other information that would likely cause significant competitive harm to the disclosing party if disclosed publicly.

5. **Depositions**. Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER only if designated as such during the deposition or via letter within 14

days of the date the printed transcript is available to the parties. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER. Until the deadline to designate testimony for protection has passed, the testimony shall be treated as ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER unless otherwise agreed between the parties. Thereafter, only those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

      **6.**    **Protection of Confidential Material**.

      **(a)**    **General Protections**. Documents and information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action including any appeal thereof.

      **(b)**    **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information to any third person or entity except as set forth in subparagraphs (1)-(9) unless it appears from the face of the document that the person authored or previously received it, evidence establishes that the document or information was communicated to or received from the person and that the person had the producing party's authorization to receive the document or information, or the producing

party so agrees. The parties and counsel for the parties shall not disclose or permit the disclosure of any ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER documents or information to any person or entity except as set forth in subparagraphs (1), (3)-(5), (7), (9) unless it appears from the face of the document that the person authored or previously received it or the producing party so agrees. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER:

    **(1)** **Counsel**. Outside counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

    **(2)** **Parties**. Parties and employees of a party to this Order;

    **(3)** **Court Reporters and Recorders**. Court reporters and videographers engaged for depositions, hearings or trial;

    **(4)** **Consultants, Investigators and Experts**. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") specifically engaged by counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    **(5)** The Court, its personnel, officers, court stenographers, and any other person designated by the Court upon such terms as the Court may deem proper;

5

**(6)** Any witness who is deposed or testifies at trial, but only after the witness has completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound;

**(7)** Any outside copy service or electronic discovery vendor whose function requires them to have access to confidential material; and

**(8)** Regions Bank's in-house counsel responsible for this matter.

**(9)** **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)** **Control of Documents**. Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(d)** **Copies**. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" if the word

does not already appear on the copy; provided, however, that a party may, if the circumstances warrant, temporarily provide a copy without the designation affixed accompanied by a letter or email setting forth the designation, to be followed expeditiously by a replacement copy with the designation affixed. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents providing these indices, electronic databases or lists that do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) **Inadvertent Production**. Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502(b)(2), and the parties agree to treat such material as if it were designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER upon prompt notification of such inadvertent disclosure.

7. **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER Documents Under Seal**. The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential

information. The parties agree to follow the procedures of Local Rule 5.10(a) should the need arise to file any document under seal.

**(a)** Before any document marked as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal. This consultation must be initiated no later than two (2) business days before the party plans to file the document.

**(b)** Where agreement is not possible or adequate, before a CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER DOCUMENTS", displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

**(c)** To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall

contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

**(d)** If the Court or a particular judicial officer has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

**8.** **Challenges by a Party to Designation as Confidential**. Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). At least five (5) business days before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. It shall be presumed that documents are properly designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER, and the burden shall be on the challenging party to establish that the document is not

entitled to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER status.

9. **Action by the Court**. Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1 and any other procedures set forth in any relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial**. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER documents or such documents or information at trial.

11. **Obligations on Conclusion of Litigation**.

(a) **Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)    Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER Documents**. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) one copy of all pleadings filed with the Court, and one copy of all deposition transcripts and exhibits; and (2) attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. These pleadings, transcripts and work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER documents.

  **(c)** Return of Documents Filed under Seal. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

  **12.** **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1.

  **13.** **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

  **14.** **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms. Persons who are not parties to this action may avail themselves of the protections afforded by this Order, and may designate information they produce in response to a subpoena issued in this action as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER upon completing the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to

Be Bound and delivering the signed certification to the party requesting the production of such information.

15. Nothing in this Order prevents a Party from disclosing its own documents and information in its possession, custody, or control as it sees fit. Any such use or discussion of confidential information shall not be deemed a waiver of the terms of this Order.

16. This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any party client an evaluation in a general way of confidential information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents, directly or indirectly, of any confidential information produced herein which disclosure would be contrary to the terms of this Order.

*It is so ordered.*

Entered on September 26, 2016

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE

| | |
|---|---|
| WE SO MOVE/STIPULATE and agree to abide by the terms of this Order. | WE SO MOVE/STIPULATE and agree to abide by the terms of this Order. |
| s/ Christopher H. Sokn | s/ Robert B. Groholski (*with consent*) |
| Steven A. Wakeman<br>Christopher H. Sokn<br>KINGERY DURREE WAKEMAN &<br>O'DONNELL ASSOC<br>416 Main Street, Suite 915<br>Peoria, IL 61602 | Edward S. Weil<br>Robert B. Groholski<br>Molly E. Thompson<br>DYKEMA GOSSETT PLLC<br>10 S. Wacker Drive, Suite 2300<br>Chicago, Illinois 60606 |

| | |
|---|---|
| *Counsel for Plaintiff, Süd Family Limited Partnership, Süd's Of Peoria, Inc., Süd's Motor Car Company, Inc., Gian C. Süd individually and doing business as Süd Family Limited Partnership, Nancy A. Süd individually and doing business as Süd Family Limited Partnership* | *Counsel for DCR Mortgage VI SUB IV, LLC* |
| WE SO MOVE/STIPULATE and agree to abide by the terms of this Order. | WE SO MOVE/STIPULATE and agree to abide by the terms of this Order. |
| s/ Jeffrey G. Sorenson (*with consent*) | s/ Joseph B. VanFleet (*with consent*) |
| Jeffrey G. Sorenson<br>Thomas E. Howard<br>HOWARD & HOWARD ATTORNEYS PLLC<br>One Technology Plaza<br>211 Fulton St., Suite 600<br>Peoria, IL 61602-1350 | Joseph B. VanFleet<br>VANFLEET LAW OFFICES<br>7817 N. Knoxville Ave<br>Peoria, IL 61614 |
| *Counsel for Regions Bank* | *Counsel for DCR Mortgage VI Sub IV, LLC* |
| WE SO MOVE/STIPULATE and agree to abide by the terms of this Order. | WE SO MOVE/STIPULATE and agree to abide by the terms of this Order. |
| s/ Janaki Hannah Nair (*with consent*) | s/ Jeffrey E. Krumpe (*with consent*) |
| John S. Elias<br>Janaki Hannah Nair<br>ELIAS MEGINNES & SEGHETTI P.C.<br>416 Main Street, Suite 1400<br>Peoria, IL 61602 | Jeffrey E. Krumpe<br>MILLER HALL & TRIGGS LLC<br>416 Main Street, Suite 1125<br>Peoria, IL  61602-1161 |
| *Counsel for Pearl Imports Of Peoria, LLC* | *Counsel for Methodist Services, Inc., The Methodist Medical Center of Illinois, Methodist Health Services Corporation, and Peoria MOB Owners, LLC* |

WE SO MOVE/STIPULATE and agree to

abide by the terms of this Order.

s/ David Wentworth (*with consent*)

David Wentworth
HASSELBERG GREBE SNODGRASS
URBAN & WENTWORTH
401 Main Street, Suite 1400
Peoria, IL  61602-1258

*Counsel for Otto Baum Company, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| SÜD FAMILY LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>REGIONS BANK and<br>DCR MORTGAGE VI SUB IV, LLC,<br><br>Defendants. | Case No. 15-cv-1210<br><br>Judge Michael M. Mihm<br>Magistrate Judge Jonathan E. Hawley |
| DCR MORTGAGE VI SUB IV, LLC,<br><br>Counter-Plaintiff,<br><br>v.<br><br>SÜD FAMILY LIMITED PARTNERSHIP,<br>SÜD'S OF PEORIA, INC.,<br>SÜD'S MOTOR CAR COMPANY, INC.,<br>GIAN C. SÜD individually and doing<br>business as Süd Family Limited Partnership,<br>NANCY A. SÜD individually and doing<br>business as Süd Family Limited Partnership,<br>PEARL IMPORTS OF PEORIA, LLC,<br>UNKNOWN OWNERS, NON-RECORD<br>CLAIMANTS, OTTO BAUM COMPANY,<br>INC., METHODIST SERVICES, INC., THE<br>METHODIST MEDICAL CENTER OF<br>ILLINOIS, METHODIST HEALTH<br>SERVICES CORPORATION, PEORIA MOB<br>OWNERS LLC, REGIONS BANK,<br>and LEND LEASE (US) HEALTHCARE<br>DEVELOPMENT LLC formerly known as<br>Lend Lease DASCO LLC formerly known as<br>The DASCO Companies, LLC,<br><br>Counter-Defendants. | |

16

**PROTECTIVE ORDER ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of Illinois in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use or disclose documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Signature: _____

Printed Name: _____

Job Title: _____

Employer: _____

Address: _____
_____

Dated: _____